**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1324**

GRECIA GUZMAN CACERES; W.C.G.,

        Petitioners,

     v.

MATTHEW G. WHITAKER, Acting Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  November 16, 2018              Decided:  November 30, 2018

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Evelyn R.G. Smallwood, HATCH ROCKERS IMMIGRATION, Durham, North Carolina, for Petitioners.  Joseph H. Hunt, Assistant Attorney General, Sabatino F. Leo, Senior Litigation Counsel, Linda Y. Cheng, Trial Attorney, Civil Division, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Grecia Guzman Caceres and her minor son, natives and citizens of Honduras, petition for review of the Board of Immigration Appeals' ("Board") order dismissing their appeal from the immigration judge's ("IJ") decision denying Caceres' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Petitioners argue that they were denied due process because the IJ did not allow for 45 days between the calendaring hearing and the merits hearing. To succeed on a due process claim, the Petitioners must demonstrate "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." *Anim v. Mukasey,* 535 F.3d 243, 256 (4th Cir. 2008); *accord Rusu v. INS,* 296 F.3d 316, 320-22 (4th Cir. 2002). The second element requires consideration of whether the defect "was likely to impact the results of the proceedings." *Anim*, 535 F.3d at 256 (internal quotation marks omitted). A reviewing court may find prejudice only "when the rights of an alien have been transgressed in such a way as is likely to impact the results of the proceedings." *Rusu*, 296 F.3d at 320 (alteration and internal quotation marks omitted).

We conclude that, even if there was a defect in the proceeding, the Petitioners fail to show prejudice. Because the Petitioners do not meaningfully challenge the adverse credibility finding or the finding that the corroborating evidence was insufficient, we deny the petition for review.[*] We dispense with oral argument because the facts and legal

---

[*] The Petitioners' claim, stated in a footnote, that the IJ did not have jurisdiction is without merit.

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*